UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA DICKEY and RICHARD SCHIELD,<br><br>  Plaintiffs,<br><br>  v.<br><br>DOUGLAS AUER, an Individual, LINDA CARR, Individually and as Trustee of the 1995 Linda Carr Revocable Trust, RIO DE LAS PLUMAS DEVELOPMENT GROUP, INC., a California Corporation, RIO DE LAS PLUMAS, LLC, a California Limited Liability Company, RIDGE OF PORTOLA HEIGHTS, LLC, a California Limited Liability Company, SIERRA RIDGE, LLC, a California Limited Liability Company, and DOES 1-50,<br><br>  Defendants.<br>_____<br><br>DOUGLAS AUER, Individually and as Trustee of the 1995 Linda Carr Revocable Trust, LINDA CARR, Individually and as Trustee of the 1995 Linda Carr Revocable Trust,<br><br>  Counter Claimants, | 2:05-CV-2373-MCE-GGH<br><br>MEMORANDUM AND ORDER |

1

v.

DANA DICKEY, an Individual,
and RICHARD SCHIELD, an
Individual,

      Counter Defendants.

_____

DOUGLAS AUER, an Individual,
and LINDA CARR, Individually
and as Trustee of the 1995
Linda Carr Revocable Trust,

        Third Party
        Plaintiffs,

   v.

ROBERT E. DICKEY, JR.,
Individually and as Co-Trustee
of the D&B Family Trust Dated
1/9/91,

        Third Party
        Defendant.

----oo0oo----

Through the present action, Plaintiffs Dana Dickey and Richard Schield ("Plaintiffs") allege that defendants[1] Douglas Auer ("Auer") and Linda Carr ("Carr"), individually and through the 1995 Linda Carr Revocable Trust ("Trust") (collectively "Defendants"), are in breach of contract on certain real property transactions and have engaged in negligent misrepresentation,

---

[1] Named in the Complaint are the following entities: Rio De Las Plumas Development Group, Inc. ("Plumas Group Inc."), Rio De Las Plumas, LLC ("Plumas LLC"), Ridge of Portola Heights, LLC ("Portola Heights"), and Sierra Ridge, LLC ("Sierra Ridge"). These named defendants have varying roles in the controversy at issue and shall be referred to only when relevant.

2

fraud, deceit, trespass and breach of fiduciary duty.  Plaintiffs are seeking an order that Carr, individually and as Trustee of the Trust, convey certain real property known as the Portola Heights Property ("Portola Property") to the Portola Heights LLC; an order that Auer and Carr, individually and as Trustees of the Trust, convey certain real property known as Sierra Ridge Phase I ("Sierra Property") to the Sierra Ridge LLC; and damages in excess of $3,750,000.00.[2]  Subsequent to filing the Complaint in this matter, Plaintiffs recorded a Notice of Pendency of Action against the Portola Property. Defendants are now moving this Court to expunge the lis pendens and issue a preliminary injunction.[3]  For the reasons set forth below, Defendants' Motion for Preliminary Injunction is denied. Further, Defendants' Motion to Expunge Lis Pendens is denied.

**BACKGROUND**

Defendants Auer and Carr are real estate developers active in the Portola Valley region.  Carr and Auer are married and Carr is a licensed real estate broker.  Plaintiff Dana Dickey and Third Party Defendant Robert Dickey ("Dickey")(collectively "Dickeys") are investors and became acquainted with Auer when they engaged him to perform granite work on their vacation home.

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

[3] To maximize judicial economy and given the similarity of the factual basis upon which Defendants' Motions have been brought, the Court elects to dispose of both Defendants' Motions in the present Order.

3

Through that alliance, Dickey and Auer began to discuss real estate development projects in which Auer and Carr were involved.

In August or September 2003, Auer sought investment capital from the Dickeys. In particular, Auer sought a loan of $300,000.00 ("Loan") from the Dickeys that was to be used to develop the Sierra Property. Auer and Carr agreed to pledge the Portola Property as security for the Loan. Carr prepared a letter of instruction to a title company, a promissory note and deed of trust. Dickey alleges he intended to charge two points as a loan origination fee for the Loan. However, based on Carr's status as a licensed real estate broker, the loan origination fee was waived. Carr contends that no such reliance was placed on her status as a broker but, instead, that Dickey simply elected to waive the fee.

In any event, a second deed of trust was recorded against the Portola Property in the amount of $200,000.00. Carr, as trustee for the Trust, signed the promissory note, executed the second deed of trust and received the $300,000.00 from escrow. The loan bore interest at twelve percent per annum and was timely paid through October 2005, when it was called due.

In the interim, the Parties elected to engage in several additional real estate development projects. In particular, shortly after the Loan closed escrow, Auer approached Dickey regarding an investment opportunity consisting of eight acres on Ellen Avenue in Portola. Generally, Auer agreed to develop the property if Dickey would acquire the land. Profits from the sale of the developed land were to be divided equally.

///

4

Similar arrangements were struck with respect to additional property in the Portola Heights development as well as the Sierra Ridge development. Carr and Auer owned scattered parcels in both Portola Heights as well as Sierra Ridge. The Parties agreed that the value of the development would be greatly enhanced if the Dickeys and Plaintiff Richard Schield ("Schield") purchased strategically placed lots to decrease the Defendants' fragmented ownership. In essence, the Dickeys and Schield were to bear the full expense of purchasing particular lots while Auer and Carr were to bear the expense of developing the projects.

At this juncture, there were three development projects underway: Portola Heights, Sierra Ridge and Ellen Avenue. The Parties concluded that three separate limited liability companies should be formed to manage the three development projects. On February 23, 2004, Carr caused the Articles of Organization to be filed with the California Secretary of State's office for The Ridge at Portola Heights, LLC; Sierra Ridge LLC; and The Pines at Ellen Avenue LLC. In late December 2004, and early January 2005, Statements of Information for Sierra Ridge LLC and The Ridge at Portola Heights LLC were filed with the California Secretary of State. While a draft operating agreement was advanced to Auer and Carr by Dickey, neither Plaintiffs nor Dickey ever executed operating agreements on the newly formed LLCs. Subsequent to the filing of the documents for the LLCs , the relationship between Plaintiffs, Dickey, Auer and Carr irreparably deteriorated. Each alleges wrongdoing on the part of the other including specific allegations that Auer and Carr failed to develop the property or even respond to messages left by Plaintiffs or Dickey.

The Loan matured on September 26, 2004, however, at that point Dickey elected to extend the term of the Loan. The Loan called for interest only payments at twelve percent per annum in the amount of $3,000 per month. Carr timely paid all payments due on the note including her last payment tendered on October 26, 2005. While Carr had been timely in tendering all payments due, Dicky concluded that the projects were not proceeding as planned and elected to call the note due without notice to Carr or Auer. Consequently, Dickey recorded a Notice of Default and Election to Sell under Deed of Trust.

Having no actual notice of Dickey's decision to call the note due, Carr tendered her November payment. Dickey did not cash her check as the Notice of Default had been earlier recorded. No further payments have been tendered by Carr. As of November 21, 2005, Dickey contends the amount due is $304,997.01. That amount represents the $300,000.00 principal plus $2,663.01 interest for the period of October 26, 2005, through November 21, 2005, and $2,314.00 for foreclosure fees.

## STANDARD

**Preliminary Injunction**

A preliminary injunction is an extraordinary remedy, and the moving party has the burden of proving the propriety of such a remedy by clear and convincing evidence. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 442 (1974).

///

In order to warrant issuance of a preliminary injunction, a party must demonstrate either: 1) a combination of probable success on the merits and the possibility of irreparable injury; or 2) that serious questions are raised and the balance of hardships tips sharply in favor of granting the requested injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839-40 (9th Cir. 2001). These two alternatives represent two points on a sliding scale, pursuant to which the required degree of irreparable harm increases or decreases in inverse correlation to the probability of success on the merits. *Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir. 1998); *U.S. v. Nutri-cology, Inc.*, 982 F.2d 1374, 1376 (9th Cir. 1985). Under either formulation of the test for granting a preliminary injunction, however, the moving party must demonstrate a significant threat of irreparable injury. *Oakland Tribune, Inc. v. Chronicle Publ'g. Co.*, 762 F.2d 1374 (9th Cir. 1985).

**Motion to Expunge Lis Pendens**

A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title to or right to possession of the real property described in the notice. A lis pendens may be filed by any party in an action who asserts a "real property claim." Cal. Civ. Proc. Code § 405.20 (2006). Section 405.4 defines a "real property claim" as the cause or causes of action in a pleading which would, if meritorious, affect title to, or the right to possession of, specific real property.

///

7

Cal. Civ. Proc. Code § 405.30 (2006) allows the property owner to remove an improperly recorded lis pendens by bringing a motion to expunge.  There are several statutory bases for expungement of a lis pendens, including a claim where the pleadings, on which the lis pendens is based, do not contain a real property claim.  Cal. Civ. Proc. Code § 405.31 (2006).  Unlike most other motions, when a motion to expunge is brought, the burden is on the party opposing the motion to show the existence of a real property claim.  Cal. Civ. Proc. Code § 405.30 (2006).

Section 405.32 requires a "judicial evaluation of the merits" of a claimant's case.  *Id.*  Pursuant to that section, the court is required to expunge a lis pendens if the court finds, after evaluating the merits, that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim.

**ANALYSIS**

**1.   Preliminary Injunction**

Carr argues that Plaintiffs should be enjoined from the non-judicial foreclosure of the Portola Property because the Loan was usurious rendering the Notice of Default materially inaccurate and therefore invalid.  In opposition, Plaintiffs allege that the Loan is exempt from the usury laws because it was arranged by a licensed real estate broker.

///

In support of their position, Plaintiffs point to California Civil Code section 1916.1 which exempts from the usury laws those loans "made or arranged" by a licensed real estate broker.

In fact, California Civil Code section 1916.1 provides in pertinent part:

> The restrictions upon rates of interest contained in Section 1 of Article XV of the California Constitution shall not apply to any loan or forbearance *made or arranged by any person licensed as a real estate broker by the State of California*, and secured, directly or collaterally, in whole or in part by liens on real property.

The term "arrange," as set forth in the statute, is construed according to its common and ordinary meaning. *Del Mar v. Caspe,* 222 Cal. App. 3d 1316, 1328 (1990). A licensed real estate broker arranges a loan if he or she 1) acts for another and 2) receives or expects to receive compensation for so acting. *Stickel v. Harris,* 196 Cal. App. 3d 575, 583 (1987); *Green v. Future Two,* 179 Cal. App. 3d 738, 742-743 (1986).

Defendants vigorously argue that Carr neither acted on behalf of another nor received any compensation. Rather, they contend, Carr had no role in securing the Loan other than as the borrower herself rendering the exemption set forth in section 1916.1 inapplicable. *See Winnett v. Roberts*, 179 Cal.App.3d 909, 915 (1986). On the contrary, Plaintiffs argue that Carr acted on behalf of both the Trust and the yet to be formed LLCs. In addition, they aver Carr expected compensation in the form of profits from the joint ventures.

///
///
///

1   It is undisputed that Carr signed the Loan documents on
2 behalf of the 1995 Linda Carr Revocable Trust.  It is commonly
3 accepted that a trust is a separate legal entity distinct from
4 its trustees.  *See* Restatement (Second) of Trusts §§ 2, 8; *see*
5 *also Lee v. Cal. Butchers' Pension Trust Fund*, 154 F.3d 1075,
6 1078 (9th Cir. 1998).  Upon signing the Loan note as trustee for
7 the Trust, the Court finds that Carr was acting on behalf of and
8 as an agent for the Trust rather than solely as the borrower.
9   The more difficult inquiry is whether Carr received
10 compensation or expected to do so in acting on behalf of the
11 Trust.  There is a factual dispute as to whether the points
12 typically charged in conjunction with real estate loans were
13 waived on the basis of Carr's status as a real estate broker.
14 Certainly, were a trier of fact to conclude in the affirmative,
15 compensation would have not only been expected by Carr but would
16 have actually been received satisfying the compensation
17 requirement.  Further, there is undisputed evidence in the record
18 that Carr began the process of forming the joint venture LLCs
19 which, if found to have been contemplated at the time of the
20 Loan's making, could also satisfy the compensation requirement
21 and, ultimately, triggering the 1916.1 exception.  *Stickel,* 196
22 Cal. App. 3d at 585.
23   While resolution of these factual questions would be
24 dispositive regarding the claim of usury itself, such a
25 determination is unnecessary for the disposition of the present
26 Motion for Preliminary Injunction.
27 ///
28 ///

10

Injunctive relief is an extraordinary remedy and Defendants have the burden of proving the propriety of such a remedy by clear and convincing evidence.  Injunctive relief would only be proper if Defendants could prove by a preponderance of the evidence that the Loan was, in fact, usurious.  Defendants have failed to carry that burden.  Consequently, their Motion for Preliminary Injunction is denied.

**2.    Motion to Expunge**

    Cal. Civ. Proc. Code § 405.31 provides: "In proceedings under this chapter, the court shall order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim."  In making this determination, the court must engage in a demurrer-like analysis. *Kirkeby v. Super. Ct.*, 33 Cal. 4th 642 (Cal. 2004).  Rather than analyzing whether the pleading states any claim at all, as on a general demurrer, the court must undertake the more limited analysis of whether the pleading states a real property claim. *Id*.  Review involves only an examination of the adequacy of the pleading and normally should not involve evidence from either side, other than possibly that which may be judicially noticed as on a demurrer.  *Id.*  Once that inquiry is concluded in the affirmative, the Court must evaluate the merits of the real property claim and, if more probably than not valid, deny the Motion to Expunge.

///

///

Plaintiffs first and second causes of action seek specific performance of an oral agreement to convey certain real property to jointly owned and managed LLCs. Defendants contend that Plaintiffs have not stated a real property claim because the statute of frauds bars enforcement of the oral agreement alleged to have been entered into regarding transfer of the properties.

On the face of their Complaint, Plaintiffs are seeking an order to compel Defendants to convey the Portola Property and the Sierra Property to the Portola Heights LLC and the Sierra Ridge LLC respectively. If meritorious, those claims would unquestionably constitute a real property claim because they would affect title to, and possession of, certain real property. Having established the existence of a real property claim, the Court may only grant Defendants' Motion to Expunge if the Plaintiffs' real property claims are more likely than not invalid.

As noted above, Defendants contend that the statute of frauds bars the enforcement of the oral agreements regarding transfer of the properties. In opposition, Plaintiffs correctly point to clear case law holding precisely otherwise. California case law excepts from the statute of frauds, oral agreements to transfer property in the context of a development relationship. *See Gross v. Raeburn,* 219 Cal.App.2d 792, 796, 799 (1963). In light of this express exception to the statute of frauds for agreements made in the course of joint development ventures, the Court finds that it would be imprudent to expunge the lis pendens at this juncture in the litigation. Consequently, the Court denies Defendants' Motion to Expunge Lis Pendens.

**CONCLUSION**

For the reasons set forth fully above, the Court denies Defendants' Motion for Preliminary Injunction and Motion to Expunge Lis Pendens.

IT IS SO ORDERED.

DATED: May 18, 2006

```
_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE
```